**B. R. BAKER-TOLEDO CO v FULTON,**
**Supt. of Banks**
**BLODGET v FULTON, Supt. of Banks**

Ohio Appeals, 6th Dist, Lucas Co

No. 2619. Decided January 11, 1932

Messrs. Williams, Eversman & Morgan, and Messrs. Conolly, McCabe, Flory & Streicher, Toledo, for plaintiffs in error.

Gilbert Bettman, Cincinnati, Messrs. Brown & Sanger, and Mr. Sholto M. Douglas, Special Counsel, Toledo, for defendants in error.

WILLIAMS, J.

It has been generally held by the authorities that there would be no preference under a state of facts such as that set forth in the petitions in the cases at bar, in the absence of statute. See annotations, 57 A. L. R., 1168. It is claimed, however, §713 GC is applicable. Said section reads as follows:

"In any case where any bank incorporated under the laws of this state * * * shall have presented to it for collection and payment a check drawn by a depositor in such bank * * * who at the time such check is presented to it for collection and payment, has on deposit an amount equal to such check, if after the receipt thereof such bank * * shall charge the account of such depositor with the amount thereof and shall in payment thereof draw a draft upon another banking institution, which draft shall remain unpaid at the time that such bank is closed by the Superintendent of Banks of Ohio or by action of its Board of Directors or other proper legal action, in such event the assets of such closed bank shall be impressed with a trust for the payment of such draft and the Superintendent of Banks of Ohio or any one legally charged with the liquidation of such closed bank, shall pay such draft as a preferred claim out of the assets of such failed bank."

It is contended on behalf of counsel for defendant in error that this statute does not apply where a depositor purchases from a bank a draft with a check upon his own account in that bank, and maintains that "collection" implies presentation by a person other than the one by whom it is drawn. The construction contended for by counsel would prevent the application of the statute to an instance in which a depositor purchased a draft with a check on his own account.

"Collection" means the act or process of collecting and, in strict adherence to nicety of expression, a check is not collected, but the money payable thereon. The construction urged is too narrow. A check is both collected and paid when the one entitled to receive the money payable upon the check receives it and the bank on which rests the obligation of payment has paid it. In other words, by a reasonable interpretation of the language employed, the purchase of a draft through collection and

payment of a check would include all instances where a draft was so purchased, whether by a person executing a check as against his own account or by another person to whom the check has been made payable or negotiated.

In statutory construction it is necessary for the court to look to the four corners of the enactment to determine the intent of the legislature and in doing so in the instant case we are led irresistibly to interpret the section involved as giving a preference to the purchaser of a draft by check drawn on and charged to his account as a depositor.

This court holds that the petition in each case states a cause of action and that the demurrers should have been overruled.

For prejudicial error in sustaining the demurrers, the judgment will be reversed with instructions to overrule the demurrers.

Judgment reversed.

LLOYD and RICHARDS, JJ, concur.

LLOYD and RICHARDS, JJ, concurring.

No question can exist but that if a man presents to a bank the check of a third person who has on deposit therein an amount equal to the sum named in the check, and buys a draft with it, the purchaser of the draft is entitled to a preference under the statute, but it is argued that the statute does not apply when the check is presented by the depositor himself. That argument overlooks the fact that the statute contains language making it applicable as well where the one who presents a check on his own account "has on deposit an amount equal to such check, thus conclusively implying that preference must be granted in such case also."